UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **COOBIE DEON DAVIS** | **CIVIL ACTION NO. 19-0924** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **THIRD JUDICIAL DISTRICT COURT, LINCOLN PARISH** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Coobie Deon Davis, a pre-trial detainee at Lincoln Parish Detention Center, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on approximately July 16, 2019. Petitioner seeks dismissal of his pending charges, challenging the merits of his charges, the effectiveness of his counsel, the length of his pre-trial confinement, and the conduct of the prosecutors. Petitioner also claims that he is incarcerated beyond his "full-term" date for a prior sentence.[1] For reasons below, the Court should dismiss Petitioner's claims.

## Background

Petitioner alleges that, on approximately February 10, 2017, he was arrested and charged with five counts of distributing a Schedule II drug. [doc. # 1, p. 1]. The charges are pending before the Third Judicial District Court, Lincoln Parish. (Docket No. 69568). *Id.*

Petitioner first claims that the arresting officers entrapped him. [doc. #s 1, p. 1; 4, p. 7].

Petitioner alleges that he has been incarcerated since his arrest and has yet to have a trial, claiming that the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner claims that a prosecutor threatened him with a 25-year sentence for selling only one gram of crack cocaine. [doc. # 1, pp. 2, 4]. Petitioner maintains that, if he does not accept the excessive plea offer/sentence, the trial court will find that he is a habitual offender, add 15 years of imprisonment to his sentence for his prior conviction, and sentence him to a total of 68 years in prison. [doc. # 4, p. 8]. He claims that adding 15 years of imprisonment to his sentence will violate the Eighth Amendment. *Id.*

Petitioner claims that his public defender, Kia Richardson, is rendering ineffective assistance by refusing to file any motions and declining to adopt his proposed motions. *Id.* He claims, in addition, that counsel has not communicated with him since December 18, 2018.[2] [doc. # 1, p. 4].

Finally, Petitioner claims that his "full-term date" for his 2013 sentence—stemming from a prior proceeding before the Third Judicial District Court, Lincoln Parish (Docket No. 62597)—was December 2, 2018, yet he remains incarcerated. [doc. # 4, p. 1].

Petitioner asks the Court to dismiss the charges against him and to release him from custody. [doc. #s 1, p. 5; 4, p. 8]. Apparently in the alternative, he asks the Court to ensure that the trial court properly calculates his sentence. [doc. # 4, p. 8].

## Law and Analysis

**1. Speedy Trial**

Petitioner alleges that, on approximately February 10, 2017, he was arrested and charged with five counts of distributing a Schedule II drug. [doc. # 1, p. 1]. The charges are pending before the Third Judicial District Court, Lincoln Parish. (Docket No. 69568). *Id.* He alleges

---

[2] Petitioner supplemented his Petition on October 7, 2019, and informed the Court that his counsel finally consulted him. [doc. # 9, p. 1].

2

that he has been incarcerated since his arrest and has yet to have a trial, claiming that the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial. [doc. #s 1, p. 1; 4, p. 7].

A petitioner seeking federal habeas corpus relief must first exhaust all available state remedies.[3]  See *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983).  If the record, or the face of the federal habeas corpus petition, reveals that the petitioner has not complied with the exhaustion requirement, courts are expressly authorized to dismiss the petition.  See *Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).

Here, of import, Petitioner does not ask this Court to order the State or the state trial court to bring him promptly to trial; rather, Petitioner seeks dismissal of his charges. [doc. #s 1, p. 5; 4, p. 8].  In other words, Petitioner does not seek to enforce the State's obligation to provide him with a state court forum, he seeks to forestall the state prosecution.  See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

There is "an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial.  This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second.  While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement

---

[3] "[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017).

of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and quoted sources omitted).

"[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."[4] *Braden*, 410 U.S. at 489; see also *Easterly v. Smith*, 30 F.3d 1491 (5th Cir. 1994).

Here, Petitioner has yet to have a trial, and he does not identify any 'special circumstances' which would require the Court to except him from this exhaustion requirement. See *Easterly*, 30 F.3d at 1491. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' which would obviate the exhaustion requirement." *Id.*; *Dickerson*, 816 F.3d at 227 (declining to accept the argument "that the sixth amendment right to a speedy trial is a per se 'special circumstance' because to do so would eliminate the careful distinction . . .

---

[4] The Fifth Circuit "has not clarified what 'special circumstances' might warrant an exception from this rule." *Hartfield v. Osborne*, 808 F.3d 1066, 1070 (5th Cir. 2015). That said, in *Dickerson*, the court noted: "In his dissent in *Braden,* Justice Rehnquist suggests that pre-trial habeas which interferes with state criminal processes is justified when there is a 'lack of jurisdiction, under the Supremacy Clause, for the state to bring any criminal charges against the petitioner.' We need not decide in this case whether this might be the only situation in which pre-trial habeas is available." *Dickerson*, 816 F.2d at 226 (internal citation omitted). In another case, the Fifth Circuit opined: "In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent 'very unusual situations, . . . necessary to prevent immediate irreparable injury.' Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution. Furthermore, special circumstances are not necessarily established by the alleged infallibility of the federal claim. Indeed, without reaching the merits of appellant's constitutional argument we take note of the fact that if her position is as clearly correct as she suggests, the Florida courts are surely capable of recognizing and vindicating her position." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (internal footnotes omitted).

between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial.").

Because Petitioner has yet to have a trial, his claim is unexhausted.[5] Accordingly, the Court should abstain from interfering in Petitioner's state-court proceeding and should, consequently, dismiss this claim.[6]

**2. Entrapment, Prosecutorial Misconduct, and Ineffective Assistance of Counsel**

Petitioner claims that arresting officers entrapped him. [doc. #s 1, p. 1; 4, p. 7]. Petitioner also claims that a prosecutor threatened him with a 25-year sentence for selling only one gram of crack cocaine. [doc. # 1, pp. 2, 4]. He claims further that his public defender is rendering ineffective assistance by refusing to file any motions, declining to adopt his proposed motions, and failing to communicate with him. *Id.* For relief, Petitioner seeks dismissal of his pending charges. *Id.* at 5.

Petitioner suggests that he has attempted to exhaust all of these claims, but he was unable to do so because his counsel would not adopt any of his motions and the trial court, consequently, would not accept any of his pro se filings. For the same reason, Petitioner

---

[5] Citing LA. CODE CRIM. PRO. art. 581, Petitioner maintains that he filed a pro se petition for writ of habeas corpus before the trial court. [doc. # 1, p. 2]. Article 581 provides: "Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment." He suggests that the trial court denied his petition because his counsel would not adopt it. *Id.* Petitioner also suggests that his counsel's refusal to adopt his motions thwarted his subsequent attempt to appeal or seek writs before the appellate court. *Id.* Petitioner thus implies that exhaustion is futile. That said, Petitioner does not indicate that he petitioned—or asked his counsel to petition—either the trial or appellate court to bring him promptly to trial, and, more important, he does not ask this Court to bring him to trial.

[6] The *Dickerson* court concluded that the petitioner failed to *exhaust* his claims. That said, exhaustion is a form of judicial abstention: "The exhaustion doctrine . . . was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225.

5

suggests that he is unable to appeal or seek writs. Essentially, Petitioner contends that exhaustion is futile or that further remedies are unavailable.

Even assuming Petitioner exhausted his claims, however, the Court should abstain. Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

While the thrust of the court's opinion in *Dickerson* concerned a Sixth Amendment speedy-trial claim, the petitioner there also argued that his pre-indictment delay violated his "due process rights under the fourteenth amendment . . . ." *Id.* at 223. The court opined:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons that prevent a defendant's sixth amendment claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth amendment due process claim as well as his sixth amendment speedy trial claim in the state court at trial where they can be considered.

*Id.*

Here, it is manifest that Petitioner seeks to 'disrupt the orderly functioning of state judicial processes' or to otherwise 'derail' or 'abort' his pending state-court proceeding. Pre-trial habeas corpus is an inappropriate vehicle in which to consider the merits of the instant claims.[7]

---

[7] Even assuming *Dickerson* and *Braden* only apply to affirmative defenses—for instance, cases in which petitioners seek to abort state court trials due to alleged speedy-trial or double-jeopardy violations—the undersigned would recommend that the Court abstain under *Younger v. Harris*, 401 U.S. 37 (1971), which is not limited to proceedings in which plaintiffs/petitioners seek relief grounded in affirmative defenses. See *Braden*, 410 U.S. at 489 ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an *affirmative defense* to a state criminal charge prior to a judgment of conviction by a state court.") (emphasis supplied).

6

Moreover, while federal *habeas* relief may be available prior to trial or conviction if "special circumstances" exist, Petitioner's filings do not reveal any special circumstances. "Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden*, 410 U.S. at 508).

Petitioner can present his claims before the state trial court and, if necessary, he can seek relief thereafter before the appropriate state appellate court and the Supreme Court of Louisiana. A habeas corpus remedy remains available to Petitioner "after the conclusion of the state proceedings against him, if he is in custody pursuant to conviction and has exhausted his state remedies." See *Dickerson*, 816 F.2d at n.16.

---

Abstention/exhaustion under *Braden* and *Dickerson* and abstention under *Younger* are entwined. In *Braden* and *Younger*, the scenarios in which the Supreme Court directed courts to abstain, as well as the tests/analyses the Supreme Court directed courts to apply (i.e. 'special circumstances' versus 'extraordinary circumstances') overlap and are largely indistinguishable.

As noted, the Fifth Circuit has defined the 'special circumstances' language in *Braden* using language from *Younger*: "In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent 'very unusual situations, . . . necessary to prevent immediate irreparable injury.' Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution." *Tooten*, 493 F.2d at 177.  In *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018), the court declined a plaintiff's request to enjoin his prosecution under state and federal speedy-trial laws.  For support, the court cited *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012), which in turn relied on *Younger*.  However, the court also cited *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976), for support, which did not mention *Younger* but instead relied solely on *Braden*.

Also of note, the undersigned would recommend applying *Younger* even though Petitioner seeks dismissal of his charges or release from confinement rather than the precise injunction the plaintiff sought in *Younger*.  In *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977), the court opined: "We do not believe that the mere fact that the relief sought by Petitioner here federal habeas relief prior to a pending state criminal trial is different from the type of relief sought in *Younger* makes the requirements announced in *Younger* any less applicable to this case. There is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, we conclude that Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief."

Accordingly, the Court should abstain and, consequently, dismiss these claims without prejudice.

**3. Incarcerated Beyond Release Date**

Petitioner claims that his "full-term date" for his 2013 sentence—stemming from a prior proceeding before the Third Judicial District Court, Lincoln Parish (Docket No. 62597)—was December 2, 2018, yet he remains incarcerated for that sentence. [doc. # 4, p. 1]. Petitioner explains that, in 2013, he was sentenced to fifteen years in prison, but eight years of the sentence were suspended. [doc. # 4, pp. 1, 3]. He maintains that he completed seven years of his sentence, including parole. *Id.* However, he alleges that, because he was charged with unrelated crimes in 2017, the trial court ordered him to serve the full fifteen-year sentence. Petitioner claims that the court erred because he has not been convicted of the 2017 charges. *Id.*

As above, a petitioner seeking federal habeas corpus relief must first exhaust all available state remedies. To challenge the computation of a sentence in Louisiana, an inmate must first exhaust administrative remedies through the Louisiana Department of Public Safety and Corrections' two-step administrative-grievance process. LA. REV. STAT. 15:1176; LA. ADMIN. CODE tit. 22, Pt. I, § 325.[8] Then, if the inmate is unsuccessful, he or she may seek judicial

---

[8] LA. ADMIN. CODE tit. 22, Pt. I, § 325(D)(2) provides in part: "Corrections Services has established the administrative remedy procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include . . . time computations . . . ." Under LA. ADMIN. CODE tit. 22, Pt. XI, § 301(A), "The authority for determining parole eligibility dates, offender class, good time release dates and full-term dates will be the official master prison record computed by the Louisiana Department of Public Safety and Corrections." Further, under LA. ADMIN. CODE tit. 22, Pt. XI, § 1503(A), "When a parolee has completed his sentence, he will be given a certificate of discharge from the Department of Public Safety and Corrections. The committee cannot terminate parole prior to the parolee's full-term discharge date."

review only before the 19th Judicial District Court, East Baton Rouge Parish. See LA. REV. STAT. 15:1177(A);[9] LA. REV. STAT. 15:571.15.[10]

Next, if the inmate is unsuccessful at the district court level, the inmate may appeal the decision of the 19th Judicial District Court to the "appropriate court of appeal." LA. REV. STAT. 15:1177(A)(10); see LA. REV. STAT. 13:312(1). Finally, if the inmate's appeal is unsuccessful, the inmate may seek supervisory review before the Supreme Court of Louisiana. See LA. CODE CIV. PROC. art. 2201.

Here, Petitioner maintains that he "wrote the Parole Board in Monroe, Louisiana" and that he "wrote a grievance to David Wade Corrections . . . ." [doc. # 9, p. 2]. He seems to maintain that initiated the first step of the process by writing a letter to the warden. See LA. ADMIN. CODE tit. 22, Pt. I, § 325(G)(1)(a). He does not, however, contend that he initiated the second step: appealing to the secretary of the Louisiana Department of Public Safety and Corrections. See LA. ADMIN. CODE tit. 22, Pt. I, § 325(J)(1)(b).

Accordingly, Petitioner did not exhaust his remedies. The Court should deny this claim.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Coobie Deon Davis's claims be **DISMISSED WITHOUT PREJUDICE**.

---

[9] LA. REV. STAT. 15:1177(A) provides in part, "Any offender who is aggrieved by an adverse decision . . . by the Department of Public Safety and Corrections . . . may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court . . . ."

[10] "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge." LA. REV. STAT. § 15:571.15.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 24th day of October, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE